**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EVANGELINA PALOMINO-
ESPINOZA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-73728

Agency No. A090-217-004

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2019[**]
San Francisco, California

Before:  IKUTA and CHRISTEN, Circuit Judges, and MORRIS,[***] District Judge.

Petitioner Evangelina Palomino-Espinoza seeks review of the Board of

Immigration Appeals's (BIA) denial of her applications for withholding of removal

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

and for protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recite them here.

Jurisdiction is proper pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the conclusion that an offense constitutes a particularly serious crime, *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015), and we review the agency's denial of CAT relief for substantial evidence. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We deny the petition for review.

1.      The Agency Did Not Abuse Its Discretion in Making Its Particularly Serious Crime Determination. Palomino-Espinoza's concessions in a 1990 pre-sentence report (PSR) detailed her role in a conspiracy to distribute narcotics. She argues that the agency abused its discretion by affording greater weight to the PSR than it afforded to her 2014 testimony in immigration court about her role in the conspiracy. Because "all reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information," *Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) (internal quotation marks omitted), the agency did not abuse its discretion by relying on the concessions included in the PSR.

Palomino-Espinoza also argues that the agency erred in its particularly serious crime determination by failing to address each factor set forth in *Matter of*

2

*Frentescu*, 18 I & N Dec. 244 (BIA 1982). Our review of a particularly serious crime determination "is limited to ensuring that the agency relied on the appropriate factors and proper evidence[.]" *Avendano-Hernandez*, 800 F.3d at 1077 (internal quotation marks and brackets omitted). *Frentescu* requires that the agency consider the nature of the conviction, the circumstances and underlying facts of the conviction, and the type of sentence imposed. *Anaya-Ortiz*, 594 F.3d at 679. In this case, the Immigration Judge considered "all factors" enumerated in *Frentescu* and adequately explained the determination that Palomino-Espinoza had been convicted of a particularly serious crime. The BIA adopted and affirmed the Immigration Judge's decision. Because the agency correctly indicated that it was relying on the appropriate *Frentescu* factors, the agency did not abuse its discretion in determining that Palomino-Espinoza had been convicted of a particularly serious crime.

2. Substantial Evidence Supports the Agency's Denial of CAT Protection. The agency did not err by concluding that Palomino-Espinoza failed to demonstrate eligibility for deferral of removal under the CAT. To qualify for CAT relief, a petitioner must establish that "'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Garcia-Milian*, *v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R.

3

§ 208.16(c)(2)). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (internal quotation marks omitted). The record shows that the Mexican government has taken steps to combat violence against women. "Even though, as a practical matter, these steps have not achieved the desired goals of resolving crimes and protecting citizens, they support the [agency's] determination that the government is not wilfully blind to attacks on women[.]" *Id.* at 1035. Accordingly, even assuming that Palomino-Espinoza has demonstrated it is more likely than not that she will be tortured if removed to Mexico, the record does not compel the conclusion that the Mexican government will acquiesce in her torture.

**PETITION FOR REVIEW DENIED**.